Harper J.
The stat. 8 & 9 W. 3, c. 27 (Pub. L. App. No. 1, p. 16) enacts, that if a prisoner shall escape, “the creditor or creditors at whose suit the prisoner was charged in execution at the time of his escape, shall or may retake such prisoner by any new capias ad satisfaciendum, or sue forth any other kind of execution on the judgment, as if the body of such prisoner had never been taken in execution.” Justice Grimke, in a note, states this statute to have been *311 made of force by the A. A. 1691, referred to in the list of Acts of the Assembly prefixed to his compilation as No. 55. If this statute be of force, and I must suppose it to be so, it is conclusive of Richbourgh’s right to issue a new ji. fa. after the escape of the defendant. That he must retain his priority over a creditor whose execution was lodged subsequently to the lodging of his first yi. fa., seems a necessary consequence of the doctrine which has been established in this State, upon the subject of the lien of dormant executions. The arrest of the defendant is prima facie a satisfaction, so long as he continues in custody; but when he has escaped, there is no longer a presumption of satisfaction ; it is as if the arrest had never been made ; and such are the terms of the statute. So a levy on a ji.fa. is a presumed satisfaction; but when the levy has been disposed of, and found not to produce a satisfaction, the right of the plaintiff, in respect of the balance due, remains as it was before the levy. No doubt, if the money had been made on the younger execution, and paid over while the defendant was in custody, this would have been good, and the money could not have been reclaimed. Such was the decision of this Court in the case of Mayzck and Bell v. Coiel, decided May, 1832. (a)
state v. Guig-Binney, S30.
I have spoken as if Richbourgh were still the real plaintiff to the execution, and I think the case must *312 80 regarded. If any other person than Broughton, had procured an assignment of the judgment, he would have had all ftichbourgh’s rights; his title would have been a legal one under the Act of Assembly authorising the assignment of judgments. Then upon what ground, shall we deprive Broughton of the benefit of the assignment? When a surety pays off a debt, a Court of Equity will in mauy cases set up in his favour, any security which the creditor had against his principal. But Broughton needs no interference of equity; he has the legal title. He was not a defendant to the judgment, and was as capable as any other person to take an assignment. The money was not paid to discharge the judgment, but to procure an assignment, and I do not perceive upon what principle of law or equity, his rights in the judgment can be impaired, because he might subsequently have been compelled to pay a like amount on the bond for the prison bounds.
Foster v. Jackson, Hob. 52 !— Hillearies case, 33. H. B, 47.
Peacock v. Jef-fries, lTaun.425. Myers a. Moye, 3 Bailey, 9.
I>. L. 75.
3 il’C. 52. 4 M’C. 509.
The motion is granted.
JoiinsoN & O’Neall Js. concurred.'